**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 16-6604**

─────────────

CLARENCE MILLER,

              Plaintiff – Appellant,

       v.

SGT KIMBERLY GARVIN, a/k/a Kimberly Garvin; DHO MR. ERNEST
ROWE,

              Defendants – Appellees,

       and

DENNIS PATTERSON, Region 2 Deputy Director; WARDEN MR.
STEVENSON,

              Defendants.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Timothy M. Cain, District Judge.
(6:15-cv-00108-TMC)

─────────────

Submitted:  October 13, 2016        Decided:  October 18, 2016

─────────────

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

─────────────

Remanded by unpublished per curiam opinion.

─────────────

Clarence Scott Miller, Appellant Pro Se. Drew Hamilton Butler,
RICHARDSON PLOWDEN, Charleston, South Carolina; Carmen Vaughn
Ganjehsani, RICHARDSON PLOWDEN, Columbia, South Carolina, for

Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Scott Miller seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2012) motion for failure to comply with a discovery order and for lack of prosecution. The notice of appeal was received in the district court shortly after expiration of the appeal period. Because Miller is incarcerated, the notice is considered filed as of the date it was properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266 (1988). The record does not reveal when Miller gave the notice of appeal to prison officials for mailing. Although the notice of appeal was notarized on April 22, 2016, which may render the notice of appeal untimely, his notice of appeal also states that he filed another notice of appeal on March 31, 2016, which would be timely. This alleged filing does not appear on the district court docket sheet. Accordingly, we remand the case for the limited purpose of allowing the district court to obtain this information from the parties and to determine whether the filing was timely under Fed. R. App. P. 4(c)(1) and Houston v. Lack. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED